Good morning Your Honor and may it please the court. My name is Eric Tung and I represent the petitioner Ramazani Verlaine Deyou. I would like to reserve three minutes of time for rebuttal. Mr. Deyou escaped Congo because he feared persecution. He belonged to an opposition party in the Congo and he led protest marches against the Congolese president who had sought to hold on to power beyond his constitutionally prescribed term limits. For Mr. Deyou's actions Congolese government soldiers retaliated. They went to Mr. Deyou's political office that he had set up in Kinshasa and they destroyed it. Not only that they entered the office and they killed his brother and two of his political associates who were there working on that day. When I looked at the record the the only evidence that I saw that it was presidential guard who had done that was the neighbor's report to Deyou's uncle. Was there any other evidence that supported his belief that it was the presidential guard that had done that? That's the primary evidence Your Honor his testimony which the IJ said that she believed but Mr. Deyou had also... Well it was his testimony that a neighbor had told his neighbors and that that's the evidence. Is that correct? That's correct Your Honor. There were numerous country conditions reports too that were submitted that also detailed the government security forces going into similar headquarters of the same political party that Mr. Deyou belonged to and at around the same time. So that's evidence as well but the most direct evidence... Why was the IJ compelled to accept the conclusion that these were government forces? Well the IJ to be clear on record page 221, 222 said that she gave Mr. Deyou's testimony the full weight of evidence that she believed him and for that reason told Mr. Deyou that he need not submit any further corroborative documentation and in reliance on that Mr. Deyou did not submit any further corroborating evidence even though he was eager and willing to do so. It violates Ninth Circuit precedent Your Honor for the IJ then to conduct this procedural bait-and-switch essentially to say that Mr. Deyou did not submit enough evidence. Evidence would you bring forward to show that these were government forces? Because I don't know that we've seen that. Right, Mr. Deyou could have done a number of things but again he was told he didn't need to. I don't see that on the page you cited. You said I'm not making an adverse credibility finding. I am finding that you are credible and your testimony was given full weight as evidence but the testimony of course was that his uncle had told him what a neighbor had told him and the IJ goes on to say but even with the documents and the evidence I don't believe you meet the requirements under the United States law. So this was all at the end of the hearing. I don't see anything saying you don't need any corroboration. What are you specifically referencing? I'm referencing Your Honor page 151. There are several places in the record Your Honor where the IJ tells Mr. Deyou that if your quote and I'm quoting from 151 quote if your testimony is credible the United States government does not require you to submit any additional documents. And again on pages 165 through 166 the IJ says assuming you are credible no documents are going to be necessary. There is only a problem with documentation if you are not credible and again on page 212. So I'm looking at page 165 and so what language are you specifically referring to? The language where she says that assuming that you are credible and this is part of the sentence assuming you are credible no documents are going to be necessary. There is only a problem with documentation if you're not credible. Right but that doesn't tell him that his testimony will meet the burden of proof right? That seems to be a separate issue. That's in reference to his mother and the medical issue and to get documents. It doesn't seem relevant to this issue. Well Your Honor I did say something. Your Honor the fact that the IJ makes that statement in several places it's a representation to Mr. Dayu that once the IJ finds that he is credible and to be believed and that he was believed he need not submit any documentation in support. I think you're mistaking the credibility determination with proof of what needs to be proven. In other words the IJ said he was credible it is his testimony was credible. His testimony was that his uncle had told him and the neighbor had told him that the people who were in his office were the presidential guard. But his credibility doesn't mean that the IJ needs to believe that it's true that because he didn't testify he saw them or he witnessed it. So that doesn't compel the IJ to determine it's true that it was the presidential guard there. Well Your Honor under the Ninth Circuit case I-June-Z if the IJ did have problems with this hearsay testimony which she did not raise she did not point that out to be an issue. She would have been required under that case to provide Mr. Dayu with the notice and opportunity to submit cooperative evidence. Let me ask you to take it a little bit different direction. Let's assume that it was the government or some representatives of the government and the IJ heard the testimony believed what he had been told. You still have another hurdle to jump in terms of meeting the statute. So if you would address that as to why the ultimate determination was not supported by substantial evidence. You're right Your Honor and if I just can preface that real quickly I think the IJ's decision making was unreasoned and contradictory having accepted the testimony and then later saying I find the testimony speculative. I think that is grounds alone for granting the petition. However to your direct question Judge McEwen even accepting all of those facts and the facts that Mr. Dayu testified to threats to his family members and the death that resulted from the government officials entering his office death of his brother and the two political associates under Ninth Circuit law that compels a finding of persecution and I would point to the cases Navas, Salazar-Picar, Mendoza-Pablo and Parada. Those cases the court had found that the record in those cases which involved very similar acts of a person being targeted for his political beliefs and where his family members were harmed and other political associates were harmed and in some instances killed. So in Salazar there was a direct threat right the Angola said to him while he was in Peru that they unspecified were coming looking for you. Was there anything more direct than that? Well I would argue Judge Ikuda that the facts in Salazar are analogous here because his office was targeted. Mr. Dayu's political office was ransacked and on point with Salazar in which the petitioner there had also received that his house was painted and so the court there found that that was a direct threat. So to hear not only where his mother and father were threatened unless he came back the fact that it was his political headquarters and the fact that his employees and his own brother were killed during very turbulent time in the Congo is evidence of direct threat to Mr. Dayu and the IJ erred in completely disregarding that as evidence of a direct threat. Your honor I think oh sorry go ahead Judge McEwen. Yeah I just had one question with that even accepting all that we have cases where a single threat or a single incident really isn't enough. Do you have cases that would get you over that hurdle? Yes your honor I think the cases cited in the brief Mendoza Pablo in particular where the family was targeted and the court there had rejected the BIA's contention that secondhand exposure to threats was insufficient. The court there found that that was and that could qualify as persecution. Salazar Picar again is the case that is I think most on point but here we don't have an isolated incident your honor. We have the government soldiers coming into his office killing his family member and his political associates and after that also continue to threat his family which prompted them to flee themselves. So I wouldn't characterize this as an isolated incident and I think one has to view his the suffering that he encountered in the context of what was going on in the Congo and Mr. Dayu had submitted numerous country conditions reports to demonstrate that people in his position particularly when he was a leader of a youth organization that belonged to the opposition party that they were targeted and their headquarters were also sacked. The two incidents that the only ones I saw in the record were what happened to his office to the death of his brother and the two other staff members in his office being attacked and the report of his mother when she was in Angola and he was in Peru that they were coming for you. Was there anything else in the record about relating to him personally? That is what we have your honor. There's no there's nothing else your honor but where the IJ had erred and and this is the reasoning that the IJ had relied on and that the BIA adopted was that none of that counted as evidence of a direct threat to Mr. Dayu and that is just simply error and the court under the principles of Chenery should not affirm on a different basis that the IJ had had expressly relied on. You want to save remaining time for rebuttal? Yes your honor thank you. Mr. Fulton. Good morning your honors I'm Duncan Fulton on behalf of the Attorney General. In this case the agency properly denied relief based on the record evidence which does not compel a contrary finding. This case is about the burden of proof that Mr. Dayu failed to meet. Dating back to 2011 when he first became politically active Mr. Dayu simply experienced no harm. He himself experienced no threats. In fact there's nothing to show he had any direct communication with government backed forces that he fears. Can you address Mr. Chung's point the the argument that the IJ during the proceedings may have suggested to him that he provided enough information? Certainly Judge Bress. The portions of the record that the petitioner just cited are general statements of law that occurred early in his proceedings. So general statements of law about the burden of proof and corroborative evidence standards that's that's just a simply an explanation of an individual's rights and removal proceedings. But here after we got through the proceedings and you know by the end of it the IJ's ruling if we look at it was not based on a failure to corroborate. This was a failure to show burden of proof which as we know is kind of an umbrella over a failure to corroborate. So that that's not what happened here and in fact the immigration judge actually gave several opportunities. She once continued proceedings she delayed the individual hearing a month and then at the end of proceedings she actually gave Mr. Day the additional week he requested to find more evidence. So based on that procedural posture and the immigration judge's explicit findings that weren't based on a failure to corroborate that's simply simply immaterial here. As far as past persecution we know that he testified that he was never harmed at AR 194 where he says quote I have never been harmed. He says that all the marches he never experienced any issues that's at 185. Now Mr. Day essentially argues that even though he was never harmed and never threatened the office attack in May 2016 effectively qualifies as a threat to himself. But that's simply not the case your honors. Substantial evidence supports the immigration judge's finding. He only believes that it was a threat to him because he was told to as this court just noted he was told to by his uncle who heard that from a third party neighbor that presidential soldiers were the ones who conducted the attack and were looking for him. But your honors Mr. Day hasn't shown us any of that. He hasn't submitted sufficient evidence. We don't know who this neighbor was. We don't know if this neighbor witnessed the events firsthand. We simply don't know what happened that day. We don't know how the neighbor communicated this. We don't know if these individuals mentioned Mr. Day by name during the attack if they said they were targeting him. There's simply insufficient evidence. What is the significance of the IJ's adverse credibility finding that the IJ believes that Day believed these statements or that these statements reflected the truth of the matter? How do you read this? So we do have an explicit positive credibility finding here. We have that fact but that's a different question than doesn't IJ when making a positive credibility finding have to give credit to every piece of speculation that a witness testifies to and that's that simply can't be the case your honors. It was the events that Mr. Day was testifying to they were outside of his personal knowledge. He's making predictions about future events and he's certainly entitled to opine on those but ultimately that's the job of the fact finder and the adjudicator to decide whether he has met his burden of proof and he hasn't here. So there is no inconsistency as the petitioner argued. Well if you assume that the IJ didn't discredit this information where does that leave you in terms of proof? Judge McCone I don't know that we have findings here saying that the immigration judge discredited that. I think if we look at the immigration maybe you misunderstood my question. Let's assume that the IJ did not discredit it because there's nothing on the record to suggest that. If that is the posture we look at it what is the government's position? And you're talking specifically about the speculation that it was presidential soldiers who committed the attack? Right. So again that's not the facts we have in this record here but to answer your honor's question that's simply not a factor that's going to be dispositive in this example. The petitioner decided a number of cases that where this court has looked at the situation of where threats you know there's threats to family members here that that can qualify and give rise to harm of past persecution to a petitioner. And when we actually look at those cases they're much different than what we have here. For example the petitioner side of the case Salazar in that case as your honors noted there was a direct threat to the petitioner and there were also there were there in all these cases there's been threats or harm to the petitioner. So that case there was a threat to the petitioner he was directly received a death threat multiple times from guerrillas as a local council member. The guerrillas went searching for him they couldn't find him so they instead harmed his family. They assaulted both of his parents they later rounded up a bunch of people in the town square and they publicly executed half a dozen individuals including the petitioner's fellow council members and his supervisor. So the harm in that case is much more severe than what we have here where we don't have a threat and even as your honor suggests if even if we were to assume which we can't on this record that they were presidential soldiers that one threat simply is not enough under this court's precedent to show past persecution. The I.J. did find that that they had not met his burden to show that the perpetrators were government authorities that and so we have that finding and the I.J. does give reasons for that. Your honor we we have findings here that the I.J. found that theory to be speculative and and then the I.J. explicitly when discussing past persecution and well-founded fear on multiple occasions said that that her ruling was based on the burden of proof said that Mr. Dayu simply did not meet his burden here. So we know that given there was no threat to Mr. Dayu there was no harm the harm to family members in this under these circumstances is insufficient to qualify he has not established past persecution. Next the question becomes has Mr. Dayu established his burden to show a well-founded fear independently of that past claim of past persecution and his his theory here was that he would be singled out for future persecution and the immigration judge properly rejected that that theory and there's simply insufficient evidence to show that. As your honors noted in addition to the one incident in May 2016 of the office attack the only other piece of individualized evidence if we want to call it that is the sole threat that the family received sometime in 2016 after the petitioner left his country. So we just have the one threat to family which we don't know much about other than they were threatened they said something could happen to them and that's simply insufficient to show his burden. I also want to talk about country conditions evidence because the petitioner contrary to what the petitioner argues the immigration judge did specifically recognize country conditions evidence here that's at AR 121 the immigration judge notes the country reports and the immigration judge acknowledged that there was political violence occurring in Congo but nonetheless that generalized country conditions evidence was insufficient with viewed with the two instances which this court had noted the May 2016 attack and the threat to the family later so in weighing all that he simply did not meet his burden to show a particularized threat of future persecution at the requisite level. So based on that I also want to note that the immigration judge when discussing country conditions evidence also noted that at the time of the March 2018 immigration court hearing the immigration judge noted that there were elections occurring later that year and that President Kabila whom the petitioner opposed could be voted out of office. Now of course now we know that is in fact what happened and the current president is a member of the petitioner's current party. Now while that's beyond the scope of what the agency found here the mere possibility of that occurring that the immigration judge found is relevant when weighing the country conditions evidence versus the individualized evidence which together wasn't sufficient. So given all of that your honors we don't have past persecution we haven't seen well-founded fear established and as we've discussed the burden of proof the immigration judge there's nothing compelling the immigration judge to say well you haven't met your burden. It's okay that the immigration judge found you haven't met your burden notwithstanding we have a positive credibility finding but that doesn't mean the immigration judge was required to credit every piece of speculation that the petitioner raised. So moving on your honors Mr. Deyou also did not establish relief under the convention against torture. In this case he had the burden to again show a particularized risk of future torture under the more likely than not standard and for the same reasons already discussed the generalized country conditions evidence simply was insufficient here in light of the fact that Mr. Deyou has not himself experienced past torture in fact he's experienced no past harm and no past threats. So given that notwithstanding the country conditions evidence which the immigration judge considered he simply did not meet his burden and nothing in the record compels a contrary finding. So unless there are any other questions your honors the government would simply request that the petition for review be denied in this case. Thank you. Mr. Tong you have some rebuttal Thank you your honor at a minimum your honors a remand is required to clarify the unreasoned decision making by the IJ. On the one hand you have the IJ saying to Mr. Deyou I believe you I believe your story and that's on again pages 221 through 222. She said that and for that reason said Mr. Deyou you do not need to provide any more documentary evidence because that's that's what the law is as my colleague on the on the other side has acknowledged and for that reason Mr. Deyou relied on that statement and and and and relied on his testimony. It would it's not correct for the IJ then later to say that well Mr. Deyou after having you testified and after believing you I now discredit your testimony as as speculative. That is contradictory your honor and does not allow Mr. Deyou as is required under adjunct Z to provide cooperative evidence. If the IJ had found that the different levels of hearsay posed a problem she should have allowed Mr. Deyou to present additional evidence could have been in the form of a neighbor's testimony or the uncle test testimony or other kind of documentary evidence that would have been cooperative. She told Mr. Deyou that that wasn't necessary because she had believed what Mr. Deyou had told her. That contradictory those contradictory statements and lack of reasoning your honor warrants a remand here and a remand too would be required as Mr. Fulton pointed out in light of the changed country conditions. Again it's not in the record so that would need to be clarified on remand too but the primary problem here is the unfairness that the IJ gave to Mr. Deyou and telling him that I believe you and you don't need to present anything more and then later saying to him that his testimony was not to be credited because it was too speculative. Those two things don't add up your honors and for that reason I would request your honor to grant the petition for review to reverse the BIA's denial of relief or at a minimum to remand for further proceedings. Thank you. I'd like to thank both counsel for the argument this morning the case just argued of Deyou versus Wilkinson is submitted.
judges: McKeown, Ikuta, Bress